FILED - USDC - FLMD - OCA
SEP 11 2026 PM3:46

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE MIDDLE DISTRICT OF FLORIDA**

**OCALA DIVISION**

---

**STEVEN SLOAN,**

Plaintiff,

v.

**DAVE KERNER, in his official capacity as Executive Director, Florida Department of Highway Safety and Motor Vehicles;**

**KATHY A. JIMENEZ-MORALES, in her individual and official capacity as Chief Counsel, FLHSMV Office of General Counsel;**

**and BETHANY CONNELLY, in her individual and official capacity as HSMV Field Hearing Officer, Bureau of Administrative Reviews,**

Defendants.

---

**Case No.:** 5:26-CV-643

**Date Filed:** September 11, 2026

---

# COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

*42 U.S.C. §1983 — Deprivation of Rights Under Color of State Law*

*Fourteenth Amendment — Procedural Due Process, Substantive Due Process, Equal Protection*

*First and Fourteenth Amendments — Retaliation*

## I. INTRODUCTION

This is a civil rights action arising from the State of Florida's wrongful suspension of Plaintiff Steven Sloan's driver's license for thirty-five months and counting, based on demonstrably inaccurate data in the Florida Department of Highway Safety and Motor Vehicles' (FLHSMV) own official records. Despite Plaintiff's repeated documented attempts to bring the data error to the agency's attention — through administrative appeal, formal review hearing, and state appellate court proceedings — no neutral, independent decision-maker has ever substantively addressed the core evidence. Instead, the agency has reviewed its own decision at every level, affirming it without engaging the specific factual showing that the conviction dates used to trigger the HTO designation are payment processing dates, not actual conviction dates.

This case presents a textbook violation of the procedural due process guarantees of the Fourteenth Amendment: a state actor depriving a citizen of a constitutionally protected property interest — his driver's license — based on inaccurate data, without providing a meaningful hearing before a neutral decision-maker, for thirty-five months. It also presents a substantive due process claim, an equal protection claim, and a First Amendment retaliation claim arising from the timing of the suspension relative to the dismissal of a criminal prosecution against Plaintiff in Orange County.

## II. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), and 42 U.S.C. §1983. Plaintiff seeks compensatory damages, punitive damages against individual defendants acting in their individual capacities, declaratory and injunctive relief, and attorney's fees under 42 U.S.C. §1988.

2. Venue is proper in the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. §1391(b), because Plaintiff resides in Belleview, Marion County, Florida, which is within this District, and because the events giving rise to this action occurred in Marion County.

## III. PARTIES

3. Plaintiff Steven Sloan is an individual citizen of the United States residing at 5248 SE 113th Street, Belleview, Marion County, Florida 34420. He is a member of IATSE Local 631 and IATSE Local 835, and the founder and principal of LocalReach, LLC and Ocala Innovation Partners, LLC.

4. Defendant Dave Kerner is the Executive Director of FLHSMV, the state official with ultimate responsibility for the agency's license suspension and revocation decisions. He is sued in his official capacity for purposes of injunctive relief and in his individual capacity for purposes of damages for decisions made under his authority that violated clearly established constitutional rights.

5. Defendant Kathy A. Jimenez-Morales is the Chief Counsel of FLHSMV's Office of General Counsel, Florida Bar No. 0909327, with offices at 2900 Apalachee Parkway, A-432, Tallahassee, Florida 32399. She is sued in her individual and official capacities. She personally directed the litigation strategy defending the wrongful suspension, filed the agency's Response to the 5th DCA Petition on May 20, 2026, and made legal decisions that perpetuated the ongoing constitutional deprivation with knowledge of the inaccurate driving record data.

6. Defendant Bethany Connelly is an HSMV Field Hearing Officer for the Bureau of Administrative Reviews, Department of Highway Safety and Motor Vehicles. She is sued in her individual and official capacities. She conducted the April 22, 2026 Show Cause Hearing and issued the May 13, 2026 Final Order affirming the suspension, despite the

presentation of the Add To Record date evidence at the hearing, without engaging that evidence in her Final Order.

## IV. FACTUAL ALLEGATIONS

### A. The Wrongful HTO Suspension and the Data Error

7. On October 25, 2023, FLHSMV suspended Plaintiff's Florida driver's license (No. S450793842180) as a Habitual Traffic Offender under §322.264, Fla. Stat., based on three alleged DWLSR convictions within a five-year period.

8. FLHSMV reinstated Plaintiff's license on October 23, 2023 — just forty-eight hours before the HTO suspension — confirming a clear record on that date. Two days later, FLHSMV suspended the license again based on the identical record. This sequence is itself evidence of agency error.

9. Plaintiff's official FLHSMV driving record, attached as Exhibit B, contains a column titled 'Add To Record Date.' That column shows that two of the three qualifying convictions were added to the record on September 26-27, 2023 — the exact dates Plaintiff paid years-old outstanding fines. The offense underlying one of those convictions originated in June 2016 — more than seven years before the suspension.

10. These Add To Record dates are payment processing dates, not actual conviction dates. FLHSMV's system recorded when Plaintiff's payments were processed into the database rather than when courts entered dispositions on the underlying offenses. This caused two decades-old and years-old offenses to appear as if convicted within a single five-year window.

11. Defendant Jimenez-Morales, in FLHSMV's Response to the 5th DCA Petition filed May 20, 2026, confirmed the Department's position that the conviction dates of September 26-27, 2023 are the qualifying events — thereby conceding the core factual predicate of Plaintiff's claim. (Exhibit F.) This concession, made by FLHSMV's Chief Counsel in a judicial proceeding, constitutes an admission that the HTO designation rests on payment processing dates rather than actual conviction dates.

**B. The Pattern of Unconstitutional Administrative Review**

12. Since October 25, 2023, Plaintiff has pursued every available administrative and judicial remedy. At every level, the review has been conducted by individuals or entities with an institutional connection to FLHSMV — the same agency that made the original decision. The result at every level has been affirmance without substantive engagement with the Add To Record date evidence.

13. On April 22, 2026, Defendant Connelly conducted a telephonic Show Cause Hearing, Case No. BAR-2026-19085. Plaintiff presented the Add To Record date evidence

directly. On May 13, 2026, Defendant Connelly issued a Final Order affirming the suspension as supported by 'competent substantial evidence' — without addressing the Add To Record date evidence or the forty-eight-hour reinstatement-to-suspension sequence. Defendant Connelly is an employee of FLHSMV — the same agency whose decision she was reviewing.

14. This rubber-stamp review pattern — in which every reviewer is institutionally connected to the original decision-maker — has denied Plaintiff the neutral, independent review that the Due Process Clause requires under Mathews v. Eldridge, 424 U.S. 319 (1976), and Bell v. Burson, 402 U.S. 535 (1971).

**C. The Retaliation Pattern**

15. In or about October 2023, Orange County prosecutors voluntarily dismissed the criminal case against Plaintiff, Case No. 2022-CF-000148-A-O, before Judge Tanya Davis Wilson, via Nolle Prosequi. Within days of that dismissal, FLHSMV imposed the HTO suspension — despite having reinstated Plaintiff's license just forty-eight hours before. The same Orange County citations that formed part of the dismissed prosecution appear in Plaintiff's driving record as part of the HTO designation.

16. The proximity between the felony dismissal and the HTO suspension, combined with the shared Orange County citation nexus and the demonstrably erroneous record data, raises a substantial inference of retaliatory government action in violation of the First and

Fourteenth Amendments. Plaintiff's successful legal defense in Orange County is a constitutionally protected activity, and the subsequent suspension appears designed to punish Plaintiff for exercising his constitutional rights.

**D. Ongoing Harm and Exhaustion of Remedies**

17. The wrongful suspension has continued for thirty-five months as of the filing of this Complaint. Every day without a driver's license represents additional lost income, lost business opportunity, and compounding harm to Plaintiff's property, livelihood, and constitutional rights.

18. All available state administrative remedies have been exhausted. The BAR Final Order of May 13, 2026 represents the final administrative decision. The 5th DCA certiorari proceeding, Case No. 5D2026-0929, remains pending as of the filing of this Complaint. The §768.28 Notice of Claim was filed February 26, 2026, and the six-month waiting period expired August 26, 2026 without response.

## V. CAUSES OF ACTION

### COUNT I — PROCEDURAL DUE PROCESS (42 U.S.C. §1983; U.S. Const. Amend. XIV)

19. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

20. A driver's license is a protected property interest under the Due Process Clause of the Fourteenth Amendment. Bell v. Burson, 402 U.S. 535 (1971). Defendants, acting under color of state law, deprived Plaintiff of this property interest without providing constitutionally adequate process.

21. The process provided was constitutionally inadequate because: (a) no pre-deprivation hearing was held before the suspension was imposed; (b) post-deprivation review at the administrative level was conducted entirely by employees of the same agency that made the original decision; (c) no neutral, independent decision-maker has ever examined the merits of the Add To Record date evidence; and (d) the BAR Final Order affirmed the suspension with boilerplate language without engaging the specific evidence presented. Under Mathews v. Eldridge, the private interest (driving privilege and related livelihood), the risk of erroneous deprivation, and the government's interest all weigh in favor of constitutionally adequate independent review, which has not been provided.

22. This deprivation has continued for thirty-five months and remains ongoing. Defendants are liable for all damages proximately caused by this procedural due process violation.

**COUNT II — SUBSTANTIVE DUE PROCESS (42 U.S.C. §1983; U.S. Const. Amend. XIV)**

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Defendants' conduct in imposing and maintaining a five-year HTO suspension based on payment processing dates recorded as conviction dates — dates that, when corrected, would place the relevant offenses outside the five-year statutory window — shocks the conscience and is arbitrary, capricious, and without rational basis. County of Sacramento v. Lewis, 523 U.S. 833 (1998).

25. The reinstatement of Plaintiff's license on October 23, 2023, followed by suspension forty-eight hours later based on the identical record, is itself a substantively irrational act that violates the guarantee of non-arbitrary government action.

26. Defendants are liable for all damages proximately caused by this substantive due process violation.

## <u>**COUNT III — FIRST AND FOURTEENTH AMENDMENT RETALIATION (42 U.S.C. §1983)**</u>

27. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

28. Plaintiff engaged in constitutionally protected activity when he successfully defended himself against criminal prosecution in Orange County Circuit Court, Case No. 2022-CF-000148-A-O, resulting in a Nolle Prosequi dismissal in or about October 2023.

29. Within days of that dismissal, Defendants, acting under color of state law, imposed the HTO suspension using a driving record that included the same Orange County citations from the dismissed prosecution. The temporal proximity between the dismissal and the suspension, combined with the shared citation nexus and the demonstrably erroneous record data, establishes a causal connection between the protected activity and the adverse government action.

30. Defendants are liable for all damages proximately caused by this First and Fourteenth Amendment retaliation.

## COUNT IV — EQUAL PROTECTION (42 U.S.C. §1983; U.S. Const. Amend. XIV)

31. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

32. Defendants, acting under color of state law, treated Plaintiff differently from similarly situated individuals by: (a) applying a payment-date-as-conviction-date methodology that is not applied uniformly to other drivers; and (b) targeting Plaintiff for suspension within forty-eight hours of his license reinstatement and within days of a criminal prosecution

dismissal in a manner that reflects intentional discrimination or arbitrary targeting rather than uniform application of the law.

33. This differential treatment lacks any rational basis and violates the Equal Protection Clause of the Fourteenth Amendment.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Steven Sloan respectfully requests that this Court:

1. Enter a declaratory judgment that Defendants' imposition and maintenance of the HTO suspension violated Plaintiff's rights under the Fourteenth Amendment's Due Process and Equal Protection Clauses and the First Amendment's protection against retaliation;

2. Enter an injunction ordering Defendant Kerner, in his official capacity, to immediately reinstate Plaintiff's Florida driver's license, No. S450793842180, pending final resolution of this action;

3. Award Plaintiff compensatory damages against all Defendants, jointly and severally, for all economic and non-economic losses described herein, in an amount to be determined at trial but not less than $698,950 and as high as $2,018,000 or more;

4. Award Plaintiff punitive damages against Defendants Jimenez-Morales and Connelly in their individual capacities, for their reckless indifference to Plaintiff's clearly established constitutional rights and their continuation of a knowing deprivation of liberty without adequate process;

5. Award Plaintiff reasonable attorney's fees under 42 U.S.C. §1988 if Plaintiff prevails, to be paid by Defendants;

6. Award Plaintiff his costs and expenses of litigation; and

7. Grant such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable pursuant to Rule 38, Fed. R. Civ. P.

Respectfully submitted,

September 11, 2026

Steven Sloan, Pro Se Plaintiff

5248 SE 113th Street

Belleview, FL 34420

(407) 569-5117

redlionbooking@gmail.com

---

**<u>EXHIBIT LIST</u>**

*Exhibit A — §768.28 Notice of Claim, filed February 26, 2026, with certified mail receipts*

*Exhibit B — FLHSMV Official Driving Record showing Add To Record dates vs. actual offense dates*

*Exhibit C — FLHSMV Reinstatement/Suspension Record, October 23-25, 2023*

*Exhibit D — BAR Final Order, Case No. BAR-2026-19085, Bethany Connelly, Esq., May 13, 2026*

*Exhibit E — 5th DCA Order to Show Cause, May 4, 2026, Case No. 5D2026-0929*

*Exhibit F — FLHSMV Response to Amended Petition, filed May 20, 2026, Kathy A. Jimenez-Morales*

*Exhibit G — Order Transferring Cause, Judge Anthony M. Tatti, December 12, 2023*

*Exhibit H — Orange County Court Order, Case No. 2022-CF-000148-A-O, Nolle Prosequi*

*Exhibit I — Updated Damages Chronology and Itemized Loss Statement, June 14, 2026*

---

## CERTIFICATE OF SERVICE AND NOTICE OF PROCESS

Pursuant to Federal Rule of Civil Procedure 4, Plaintiff will serve each Defendant following the filing of this Complaint and issuance of summonses by the Court. Service will be effectuated as follows:

1. Defendant Dave Kerner, in his official capacity: Service upon the State of Florida through the Florida Attorney General, The Capitol PL-01, Tallahassee, Florida 32399-1050, and upon FLHSMV at 2900 Apalachee Parkway, Tallahassee, Florida 32399, pursuant to Fed. R. Civ. P. 4(j)(2).
2. Defendant Kathy A. Jimenez-Morales, individually and officially: Service at FLHSMV Office of General Counsel, 2900 Apalachee Parkway, A-432, Tallahassee, Florida 32399-0504, pursuant to Fed. R. Civ. P. 4(e).
3. Defendant Bethany Connelly, individually and officially: Service at FLHSMV Bureau of Administrative Reviews, 2814 E. Hillsborough Avenue, Tampa, Florida 33610, pursuant to Fed. R. Civ. P. 4(e).

If this Court grants Plaintiff's Application to Proceed Without Prepayment of Fees under 28 U.S.C. §1915, Plaintiff respectfully requests that the Court direct the U.S. Marshal Service to effectuate service on all Defendants at no cost to Plaintiff pursuant to 28 U.S.C. §1915(d).

Plaintiff further certifies that a courtesy copy of this Complaint is being mailed via U.S. Mail on the date of filing to: Kathy A. Jimenez-Morales, Esq., Chief Counsel, FLHSMV Office of General Counsel, 2900 Apalachee Parkway, A-432, Tallahassee, Florida 32399-0504.

Steven Sloan, Pro Se Plaintiff

September 11, 2026